STEPHEN L. HANDY *v.* MINWAX COMPANY, INC., ET AL.
(AC 16170)

Dupont, C. J., and Lavery and Daly, Js.

Argued April 25—officially released July 29, 1997

*James H. Rotondo*, with whom were *Katherine J. Coassin* and, on the brief, *J. Michael Amrein* and *Robert W. Lotty*, for the appellants (defendants).

*Joel J. Rottner*, with whom was *Robyn L. Sondak*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. The defendants, Minwax Company, Inc. (Minwax) and Ring's End, Inc. (Ring's End), appeal from the opening of a judgment of dismissal that had been rendered against the plaintiff, Stephen L. Handy. On appeal, the defendants contend that the trial court improperly granted the plaintiff's untimely motion to open a judgment of dismissal. While the plaintiff's motion to open the judgment was filed more than fourteen months after the judgment of dismissal, the plaintiff contends that he did not possess either constructive or actual notice of the entry of the judgment of dismissal until one week prior to the filing of his motion to open. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. The plaintiff suffered property damage to his home when, while refinishing a wood floor with a wood refinishing product,[1] the cleaning cloths he was using burst into flames and caused a fire. In November, 1993, the plaintiff filed his second revised complaint. The case was subsequently placed on the dormancy calendar. On September 14, 1994, the parties received notice that the case had been put on the dormancy calendar for October 18, 1994.

On December 9, 1994, a dormancy dismissal was entered by the trial court. The plaintiff claims that he did not receive notice of the judgment of dismissal and was unaware that the case had been dismissed until, after sending a letter on January 29, 1996, to the defendants' counsel requesting a deposition, he was informed by a reply letter from the defendants' counsel dated February 8, 1996, that the case had been dismissed. On February 21, 1996, the plaintiff filed a motion to open the judgment of dismissal. The trial court denied the

---

[1] The wood refinishing product was manufactured by Minwax and sold and distributed by Ring's End.

motion. The plaintiff filed a motion for reargument, which was granted. After a reargument hearing, the court issued a subsequent memorandum of decision on June 28, 1996, opening the judgment of dismissal.

The only issue on appeal is whether a court has jurisdiction to open a judgment of dismissal when a motion to open is filed fourteen months later, and it is represented by the plaintiff that actual notice of the judgment was not received until one week prior to the filing of his motion to open. "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. See *Freccia* v. *Martin*, 163 Conn. 160, 165, 302 A.2d 280 [1972]; *Stocking* v. *Ives*, 156 Conn. 70, 72, 238 A.2d 421 [1968]; 46 Am. Jur. 2d, Judgments, § 682." *Manchester State Bank* v. *Reale*, 172 Conn. 520, 523–24, 375 A.2d 1009 (1977); see also *In re Baby Girl B.*, 224 Conn. 263, 295, 618 A.2d 1 (1992).

For a trial court to open or to set aside a default judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered. General Statutes § 52-212 (a);[2] see also General Statutes § 52-212a;[3] Practice Book

---

[2] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[3] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law . . . a civil judgment . . . may not be opened or set aside

§ 326.[4] This court has held that the trial court lacks jurisdiction to open the judgment when a motion to open is not timely. *Ziruk* v. *Bedard*, 45 Conn. App. 137, 139, 695 A.2d 4 (1997). In the present case, however, the dispositive question is when the four month time limitation began to run. The plaintiff claims that the time limitation was triggered when he received the letter from the defendants' counsel in February, 1996. He argues that the date of the letter is the notice date and so his motion to open was timely. We agree.

"As in the statutory right to appeal; see *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 281, 487 A.2d 559 (1985); it is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. We have indicated that for the purpose of opening a default judgment pursuant to General Statutes § 52-212, a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment. *DiSimone* v. *Vitello*, 6 Conn. App. 390, 393, 505 A.2d 745 (1986). We find this reasoning applicable to motions to open judgments brought pursuant to General Statutes § 52-212a and Practice Book § 326 as well. . . . The existence of actual or constructive notice is a question of fact properly within the province of the trial court. *Middlebury* v. *Steinmann*, 189 Conn. 710, 714, 458 A.2d 393 (1983); *Mausch* v. *Hartford*, 184 Conn. 467, 469, 440 A.2d 157 (1981)." (Internal quotations marks omitted.)

unless a motion to open or set aside is filed within four months following the date on which it was rendered . . . ."

[4] Practice Book § 326 provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months of the entry of judgment. . . ."

*Noethe* v. *Noethe*, 18 Conn. App. 589, 595–96, 559 A.2d 1149 (1989).

In the present case, the plaintiff's counsel testified at the hearing before the trial court that there were two Minwax files in her office concerning the same defective product, one of which was of the present action. Therefore, because plaintiff's counsel was aware of the other Minwax file, the dismissal was not brought to her attention until she attempted to take deposition in this case and received a letter from the defendants' counsel.

The trial court found, and the defendants do not challenge on appeal, that the plaintiff did not have actual notice of the dismissal. The defendants, nevertheless, contend that the plaintiff had constructive notice of the dismissal because of the receipt of the dormancy calendar by the plaintiff's counsel. In *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 424, 642 A.2d 9 (1994), this court addressed the question of whether the publication of the dormancy calendar constituted notice of the dismissal. We held: "The defendant . . . urges us to find that, even if the plaintiff did not receive notice of the . . . dismissal, she was on notice that the matter was on the dormancy calendar and the calendar itself contained a notation that if certain steps were not taken, the matter would be dismissed. This is an issue more properly reserved for the trial court at a hearing to determine when the plaintiff had notice of the dismissal and, accordingly, when the four month limitation, of General Statutes § 52-212a and Practice Book § 326 expired." Id.

We again defer to the well reasoned decision of the trial court. The trial court stated: "The court is not persuaded by Minwax's argument that the notice on the calendar constituted that actual notice that the case would be dismissed if no further action was taken. Research has not revealed any cases in which a court

has held, as Minwax argues, that the dormancy calendar constitutes actual notice that dismissal will enter on a fixed date. Indeed, if this were the case, there would be no need for courts to hold hearings to determine whether a party actually received notice of dismissal since notice would be imputed by virtue of short calendar notice. . . . Consequently, the court finds, by the narrowest of margins, that there is 'good cause' to open the judgment of dismissal under [Practice Book] § 251 and, therefore, worthy of relief based on counsel's testimony, which is found to be credible, that she was unaware of the dismissal due to two files regarding the same subject matter being open in her office simultaneously."

In sum, we agree with the trial court's conclusion that the plaintiff did not have either constructive or actual notice that his action had been dismissed until he received a letter from the defendants' counsel on February 8, 1996. We also agree with the trial court that the plaintiff's motion to open was timely filed. We conclude, therefore, that the trial court had jurisdiction to open the judgment of dismissal.

The judgment is affirmed.

In this opinion DALY, J., concurred.

DUPONT, C. J., dissenting. I respectfully dissent. The plaintiff initiated this lawsuit against Minwax Company (Minwax) and Ring's End, Inc. (Ring's End), alleging that his property was damaged after he used a wood refinishing product manufactured by Minwax and sold and distributed by Ring's End. The only issue on appeal is whether a court has jurisdiction to open a judgment of dismissal when a motion to open is filed fourteen months later, and notice of the judgment has been issued by the court to the parties, but it is represented by the movant that actual notice of the judgment was not received.

After a series of communications between the parties, the plaintiff filed his second revised complaint in November, 1993. After the plaintiff failed to file a reply to Minwax's special defenses, and after Ring's End did not respond to the second revised complaint, the case was placed on the dormancy calendar. On September 14, 1994, the parties received a notice that the case had been put on the dormancy calendar for October 18, 1994.[1] Both the plaintiff and the defendants acknowledged at oral argument in the trial court and in this court that they received this notice in the mail.

On December 9, 1994, the trial court dismissed the action, and notice of the judgment of dismissal was issued on December 16, 1994, to the same counsel of record for the plaintiff as had received the dormancy calendar. Between September 14 and December 16, 1994, no attempt was made by the plaintiff to close the pleadings. The plaintiff claims that he never received the notice of the judgment of dismissal, and was unaware that the case had been dismissed, until, after sending a letter on January 29, 1996, to the defendants' counsel requesting a deposition, he was informed by a reply letter from the defendants' counsel dated February 8, 1996, that a judgment of dismissal had been rendered. During the time between the judgment of dismissal and this letter, a period of approximately fourteen months, there was no communication between the parties and no pleadings were filed by the plaintiff.

On February 21, 1996, the plaintiff filed a motion to open the judgment of dismissal. The trial court denied

---

[1] The notice stated as follows:

"DORMANT CIVIL/FAMILY CASES
IMPORTANT NOTICE

The cases on this list do not appear to have been prosecuted with reasonable diligence and are subject to application of Practice Book Section 251. Therefore, it is ordered by the Court on its own motion, that these cases be dismissed on December 9, 1994 unless they are withdrawn, disposed of by final judgment, claimed to a trial list, or exempted for good cause."

the motion. The plaintiff filed a motion for reargument, which was granted. At a reargument hearing on April 29, 1996, and in a subsequent memorandum of decision of June 28, 1996, the trial court changed its decision and opened the judgment.

The defendants filed this appeal, claiming that the trial court did not have jurisdiction to reopen the judgment. I agree with the defendants.

"Our courts have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice. *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). For a trial court to open or set aside a default judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered. General Statutes § 52-212 (a); see also General Statutes § 52-212a; Practice Book § 326. When a motion to open is *timely* filed, our review is limited to whether the court has acted unreasonably or has abused its discretion. *In re Baby Girl B.*, 224 Conn. 263, 295, 618 A.2d 1 (1992); *Gillis* v. *Gillis*, 214 Conn. 336, 341, 572 A.2d 323 (1990). When the motion to open is *not* timely and the time limitation has not been waived, however, the trial court lacks jurisdiction to open the judgment. *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 546–47, 621 A.2d 300, cert. denied, 225 Conn. 924, 625 A.2d 822 (1993)." (Emphasis added.) *Ziruk* v. *Bedard*, 45 Conn. App. 137, 138–39, 695 A.2d 4 (1997). This case is *not* about discretion but about the jurisdiction or power of the court to open a judgment after four months have passed from the date of the judgment.

The dispositive question before us is when the four month time limitation began to run. The majority claims that the time limitation was triggered when the plaintiff

received the letter from the defendants' counsel in February, 1996. They assert that the date of the letter is the notice date. I do not agree. Our case law and our statutes do not refer to a date when notice of a judgment is received from opposing counsel, but to the date when judgment is rendered by a court.

In this case, the defendants provided the court with the envelope containing the notice of the dormant status of the case and with the calendar and notice itself. In addition, the defendants provided the trial court with the notice received by them of the judgment of dismissal dated December 16, 1994. Counting from the date the judgment was rendered, December 9, 1994, or the date notice was issued, December 16, 1994, the plaintiff's motion to open was clearly untimely.[2]

The trial court, after hearing the reargument, concluded that the plaintiff presented evidence that rebutted the presumption that the clerk's stamp of issuance of notice indicates that notice was sent and received. See *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 423, 642 A.2d 9 (1994). I disagree. The presumption that the plaintiff did receive the notice was not rebutted by the

---

[2] The majority relies on *Noethe* v. *Noethe*, 18 Conn. App. 589, 559 A.2d 1149 (1989), and *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 642 A.2d 9 (1994), for the proposition that the four month period can be extended where a party has no notice that the case has been dismissed. *Noethe*, however, is inapposite. In *Noethe*, the plaintiff filed a motion to vacate thirteen months after a decision on a qualified domestic relations order. The order was certified as sent to the plaintiff by the defendant's attorney but it was never date-stamped by the trial court clerk and never appeared on the docket sheet. Unlike this case, notice of the order in *Noethe* was never issued by the trial court.

*Morelli*'s issue did not concern notice of a judgment of dismissal but whether a hearing should have been held on an order of the trial court denying the plaintiff's motion to open the judgment when the plaintiff claimed the denial of the motion had not been received. Unlike *Morelli*, the present case concerns the notice of the underlying judgment itself, which was issued by the clerk of the court, rather than a subsequent motion to open that judgment.

evidence presented. The only testimony on which the trial court relied is that which follows. The plaintiff's counsel acknowledged that the law firm had received the dormancy calendar but had not gone to the dormancy hearing. The plaintiff made no attempt to close the pleadings, nor did he move to exempt the case from the dormancy calendar. The parties agreed that there was no activity in the case file for the many months between the judgment of dismissal and the letter from the defendants' counsel to the plaintiff's counsel informing the plaintiff's counsel that the case had been dismissed. The plaintiff's counsel argued at the hearing in the trial court that she had failed to notice the lack of activity on the file because she was also working on an entirely separate, yet factually similar, case involving Minwax at the same time. The plaintiff's counsel also alleged that she continued to work unilaterally on the file but without any knowledge by the defendants of the unilateral work. None of this testimony relates to whether the plaintiff had received notice of the judgment or rebuts the presumption that the notice of dismissal issued by the court was received by the plaintiff.

I conclude that the plaintiff's motion was not timely filed and that the trial court did not have jurisdiction to open the judgment. I would reverse the trial court's judgment and remand the case with direction to render a judgment of dismissal.