[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO CLAIM FOR TRIAL DE NOVA
This is an action seeking damages for personal injuries allegedly sustained by the plaintiff in an automobile collision. The complaint seeks damages in excess of fifteen thousand dollars. The defendants filed their claim for jury on February CT Page 185 26, 1996. The court, on its own motion, assigned the matter for arbitration, pursuant to General Statutes § 52-549u, as permitted by Public Act § 97-24.
The arbitrator after hearing, issued her decision, awarding damages to the plaintiff in the amount of $18,000. The defendant, on December 11, 1998 filed their claim for trial de novo. The plaintiff, on December 15, 1998 filed this objection, claiming that the claim for trial de novo was not filed within twenty days of the filing of the arbitrator's decision. General Statutes § 52-549z(a) provides that the arbitrator's decision shall become a judgment of the court if no demand for trial de novo is filed in accordance with General Statutes § 52-549z(d), which provides for the filing of such demand within twenty days of the filing of the arbitrator's decision. This same requirement is provided by Practice Book § 23-66.
A review of the Arbitrator's Decision in the court file does not reveal the date or time when the decision was filed with the court. There is no court stamp on the decision, nor is there a note in a clerk's handwriting as to when the decision was deposited with the court.
There is no provision for the arbitrator to herself mail copies of the decision to the parties. Both General Statutes § 52-549x and Practice Book § 23-64 provide that the arbitrator shall file the decision with the clerk of the court together with sufficient copies thereof for the parties or their counsel. Therefore, realistically, the parties have no way of knowing when the decision has been filed until they are notified by the clerk of the court that a decision has been filed.
The arbitrator's decision contains a typed date on the typed decision as November 16, 1998. The arbitrator's law partner, Ms. Lobo, testified that she hand carried the file and the decision to court on November 19, 1998. She left the file on the office chair of Mr. Garow, who is the caseflow coordinator in this judicial district. The decision was inside the file, not on top of the file. There is no testimony or evidence to indicate that there was any notation on the face of the file that a decision was located within the file. Hence it is easy to understand that the possibility of a decision being located within the file would not be apparent.
On December 2, 1998 the fact that there was a decision in CT Page 186 this file came to Mr. Garow's attention. He promptly sent out a copy to each of the attorneys, with his handwritten notation in the lower left corner: "Copies sent 12/2/98. Start de novo period." The attorneys would have no objective reason to suspect that this was not the date of filing, as the decision has no date stamp and there would be no earlier mailing of copies to them by the arbitrator. The typed date on the decision is meaningless, as aforesaid. At most it represents a typing date at the arbitrator's office.
The defendants filed their claim for trial de novo on December 11, 1998 within nine days of the mailing of the notice by the clerk. That is well within the twenty day period provided by statute and by the practice book. This would have been two days subsequent to what appears in retrospect to be 20 days from the unannounced filing of the decision on November 19, 1998. (In passing it is noted that the computer card with the court file contains a date of November 16, 1998, which is explained as the entry clerk's use of the typed date on the decision, in the inadvertent absence of a stamped date).
It is elementary that in order to activate the rights of parties notice must be given as to the event which triggers the commencement of a time limitation period for any further significant action ". . . it is axiomatic that the right to open and vacate a judgment assumes that the party who is to exercises the right to be given the opportunity to know that there is a judgment to open." Handy v. Miniwax Co., 46 Conn. App. 54, 57
(1997); certification denied 243 Conn. 921 (1997).
". . . a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment." Handy, supra, p. 57. This court finds difference whatsoever between the principles enunciated in theHandy case, supra, and in the issues presented by the present case.
Lastly, the plaintiff argues that defendants would have had several days after they (counsel) received the decision from the clerk, December 4, to file the de novo claim. Suffice it to state that if the legislature wished that the parties have only four or five days to file a de novo claim, an unheard of short duration for appeals or the like under the laws of this state, the legislature would have said so. The court determines that the time to file the de novo claim was tolled until notice was given CT Page 187 by the clerk on December 2, 1998.
The right of the defendant to have this matter tried by jury is provided for in Article IV of the Amendments to the Constitution of the State of Connecticut, and should not be taken away by circumstances as set forth herein.
The plaintiff's objection to the claim of the defendant for trial de novo is overruled.
L. Paul Sullivan, J.