[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, in their complaint dated March 20, 1995, allege damages for breach of contract and breach of warranty resulting from the construction of a residential home.
On December 27, 1996, this matter was dismissed for failure to prosecute with reasonable diligence. See Practice Book § 14-3. The plaintiffs filed a motion to set aside the judgment of dismissal on May 1, 1997, and the motion was granted on June 24, 1997. This matter was dismissed for a second time on December 12, 1997. The plaintiffs filed a motion to set aside the judgment on April 20, 1998, and the defendant filed an objection to the motion on October 29, 1998. The court granted CT Page 12314 the plaintiffs' motion to open on November 2, 1998. On June 18, 1999, this matter was dismissed for a third time. The plaintiffs again moved to open the judgment, and this motion was granted on July 26, 1999.
On November 3, 1999, the defendant filed a motion to dismiss on the ground that the court lacked jurisdiction to act on the plaintiffs' April 20, 1998 motion to open because the plaintiffs did not file their motion within four months succeeding the date on which notice of the judgment was sent, as required by Practice Book § 17-4. Pursuant to Practice Book § 10-31, the defendant filed a memorandum in support of its motion to dismiss. On December 1, 1999, the plaintiffs filed a memorandum in opposition supported by an affidavit from Barbara Crowley, the plaintiffs' original attorney in this matter, a copy of the notice of dismissal from the court's file, the notice of judgment of dismissal received by Crowley, and a copy of the plaintiffs' April 20, 1998 motion to set aside the judgment of dismissal.
"The motion to dismiss shall be used to assert [the court's] lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 140 n. 8, ___ A.2d ___ (2000). See also Practice Book § 10-31. A motion to dismiss for lack of subject matter jurisdiction "may be made at any time." Goodson v. State,232 Conn. 175, 179, 653 A.2d 177 (1995). See also Practice Book §10-33. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661,717 A.2d 706 (1998).
"Our courts have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice." (Internal quotation marks omitted.) Dap Fin. Mgmt. Co. v.Mor-Fam Electric, Inc., 59 Conn, App. 91, 96, ___ A.2d ___ (2000). In Kimv. Magnotta, 249 Conn. 94, 733 A.2d 809 (1999), the court held that "§ 52-212a [and therefore § 17-4 operate] as . . . constraint[s], not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." Id 104; see also Cantoni v. Xerox Corp., 251 Conn. 153, 162,740 A.2d 796 (1999) (concluding that "the statutory limitation on motions to open judgments contained in General Statutes § 52-212a [is] not jurisdictional"); Cusano v. Burgundy Chevrolet, Inc., 55 Conn. App. 655,659 n. 5, 740 A.2d 447 (1999), cert. denied 252 Conn. 942, ___ A.2d ___ (2000) (relying on the holding in Kim v. Magnotta in examining "the CT Page 12315 court's substantive authority . . . to open the judgment and not its jurisdictional authority"). Therefore, a judgment rendered after the statutory time limitation "is not void for want of jurisdiction of the court to render it." Kim v. Magnotta, supra, 104.
Section 17-4 of the Practice Book provides that "a motion to open or set aside a judgment must be filed within four months succeeding the dateon which notice was sent"[1] (Emphasis in original; internal quotation marks omitted.) Federal Ins. Co. v. Gabriele, 54 Conn. App. 459, 462,735 A.2d 368 (1999). Although General Statutes § 52-212a[2] and Practice Book § 17-4 each address the time limitation for filing a motion to open, "Practice Book § 17-4 clarifies the issue of when the four month period commences by providing that the four month period does not commence until the date on which notice of the judgment is sent." (Emphasis added.) Id. For a party to exercise its right to open a judgment, however, it must first "be given the opportunity to know that there is a judgment to open." Handy v. Minwax Co., 46 Conn. App. 54, 57,698 A.2d 339 (1997), cert. denied, 243 Conn. 921, 701 A.2d 342 (1997). Whether a party has been given notice of the judgment of dismissal "is a question of fact properly within the province of the trial court. . . ." (Citations omitted.) Id. See also Morelli v. Manpower, Inc.,34 Conn. App. 419, 424, 642 A.2d 9 (1994); Noethe v. Noethe,18 Conn. App. 589, 596, 559 A.2d 1149 (1989) (holding that an evidentiary hearing must be held "to determine when the plaintiff received actual or constructive notice and whether [the plaintiff] filed the motion . . . within four months of the date of notice").
The parties in the present case dispute the date on which the four months for filing a motion to open commenced.[3] The defendant argues in its memorandum in support of its motion to dismiss that the court lacked jurisdiction to grant the plaintiffs' motion to set aside the dormancy dismissal, because the plaintiffs did not file their motion to open within the four month time period prescribed in Practice Book §17-4. The defendant further argues that the four month period began to run on December 12, 1997, the date on which the court file indicates that notice of dismissal was sent to the plaintiffs; therefore, by filing their motion to open on April 20, 1998, the plaintiffs exceeded the four month limitation.
The plaintiffs argue in their memorandum in opposition to the defendant's motion to dismiss that the filing of their motion to open was timely. The plaintiffs assert that the notice of dismissal was sent on December 22, 1997, and they filed their motion on April 20, 1998. In the alternative, the plaintiffs argue that if the court determines that the notice was sent on December 12, 1997, the filing of their motion to open on April 20, 1998 was still timely because they did not receive notice of CT Page 12316 the judgment until January 23, 1998. The plaintiffs further argue that since "notice is a condition precedent to the tolling of the four month period under . . . Practice Book § 17-4" the time limitation for filing the motion commenced on January 23, 1998, the day they received actual notice. Subsequently, by filing their motion on April 20, 1998 the plaintiffs assert that they were well within the four month period.
In order for this court to determine whether the plaintiffs filed their motion to open within the prescribed time period, the court must first determine when the plaintiffs received notice of the judgment of dismissal. See Handy v. Minwax Co., supra, 46 Conn. App. 57 (noting that "a delay in notifying the [party] of the judgment would merely extend the time in which the [party] could move to set aside the judgment"); Haburav. Kochanowicz, 40 Conn. App. 590, 592, 672 A.2d 512 (1996) (holding that "[w]here [a party] ha[s] not received notice of the . . . judgment . . . the time within which [the party] may move to set aside the judgment is extended by the delay in notification"). The presumption that the notice of the judgment of dismissal was sent by the court and received by the plaintiffs is rebuttable. See Russell v. Thomas O'Connor Co.,42 Conn. App. 345, 348 n. 3, 679 A.2d 420 (1996). In the present case, the plaintiffs submitted rebuttal evidence in the form of an affidavit from their former attorney, Barbara Crowley, stating that she did not receive the court's order of dismissal until January 23, 1998 and that she did not receive a copy of the dormancy calendar in this matter.[4]
(Plaintiffs' Memorandum, Attachment: Plaintiffs' Affidavit, ¶¶ 5, 6.) Additionally, the plaintiffs submitted the actual notice of the judgment of dismissal with a forwarding label indicating that there was, in fact, a delay in receiving the notice. (Plaintiffs' Exh. A.) The defendant offered no evidence to contradict the evidence offered by the plaintiffs. The plaintiffs have sufficiently established that they did not have notice of the judgment until January 23, 1998, and the period for filing the motion to open did not begin to run until this date. SeeHabura v. Kochanowicz, supra, 592.
 CONCLUSION
The four month time period for filing a motion to open commenced on January 23, 1998, the date on which the plaintiffs received notice of the judgment of dismissal; therefore, the plaintiffs' filing of the motion was timely and, as a result, the defendant's motion to dismiss is denied. Even if the plaintiffs filed their motion to open after the expiration of the four months, the court did not lack subject matter jurisdiction to act on the plaintiffs' April 20, 1998 motion to open. SeeKim v. Magnotta, supra, 249 Conn. 104.
Howard F. Zoarski, CT Page 12317 Judge Trial Referee