[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE PLAINTIFFS' MOTION TO OPEN THE JUDGMENT OF DISMISSAL #127
 FACTS
On March 8, 2001, the plaintiff, Mildred B. Borden, commenced this zoning appeal by abode service to the chairman of the zoning board of appeals for the town of North Stonington, Arnold S. Herrington; the chairman of the planning and zoning commission of North Stonington, Charles Steinhart and by in-hand service to Donna Leecham, the assistant to the president of the Connecticut Hospital Management Corporation, which conducts business as the Stonington Institute (Stonington Institute); and in-hand service to Joyce G. Main, the town clerk of North Stonington. The plaintiff brings this appeal on the grounds that the North Stonington planning and zoning commission's decision approving Stonington Institute's site plan enlarged and expanded an existing nonconformity and nonconforming use in violation of the North Stonington zoning regulations.
On April 10, 1997, the North Stonington planning and zoning commission approved Stonington Institute's site plan. The plaintiff appealed directly to the Superior Court. On July 21, 1998, the court, Hurley, J.T.R., dismissed the appeal on the grounds that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies by bringing the appeal directly to the Superior Court, rather than to the North Stonington zoning board of appeals, as provided in § 207 of the North Stonington zoning regulations. On June 27, 2000, the Appellate Court affirmed the trial court's decision in Borden v.Planning Zoning Commission, 58 Conn. App. 399, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000). The plaintiff did not file a motion to open the July 21, 1998 judgment of dismissal, but appealed the April 10, 1997 planning and zoning commission's decision to the zoning board of appeals on October 16, 2000. The zoning board of appeals CT Page 847 determined that it lacked jurisdiction to hear the appeal as it was not brought timely. The plaintiff appealed and on April 25, 2002, the Superior Court, Martin, I, dismissed the appeal on the ground that the plaintiff did not timely file her appeal to the zoning board of appeals, and failed to exhaust her administrative remedies. The plaintiff thereafter filed a petition for certification by the Appellate Court, which was denied on June 21, 2002.
On May 6, 2002, Public Act 02-74, "An Act Concerning Zoning and the Municipal Plan of Conservation and Development, Appeals of Site Plan Decision and Municipal Penalties for Violations of Zoning Laws," was passed. On August 20, 2002, the plaintiff timely filed the present motion to open judgment of the April 25, 2002 dismissal, accompanied by a memorandum in support, on the grounds that Section 2 of Public Act 02-74. enacted May 6, 2002 upon passage, is retroactive and permits her case to go forward.[1] The defendants filed a memorandum in opposition on August 28, 2002.
 DISCUSSION
"Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court . . ." (Internal quotation marks omitted.) Handy v. Minwax Co., 46 Conn. App. 54,56, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997). "[T]he trial court lacks jurisdiction to open the judgment when a motion to open is not timely." Id., 57. "[A] motion to open or a motion to set aside must be filed within four months of the date judgment is rendered."[2] Id., 56. "The power of a court to set aside a nonsuit judgment is controlled by [General Statutes] § 52-212." Jaconski v.AMF, Inc., 208 Conn. 230, 237, 543 A.2d 728 (1988). "Section 52-212
requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) In re Baby Girl B., 224 Conn. 263, 284, 618 A.2d 1
(1992).
The plaintiff argues that Public Act 02-74 is retroactive and is grounds for granting her motion to open because it was enacted in direct response to the Appellate Court decision in Borden v. Planning and ZoningCommission, supra, 58 Conn. App. 399,[3] and amended General Statutes § 8-8 to clarify that an appeal from a zoning commission's decision regarding a site plan may be brought directly to the Superior Court, rather than requiring the appeal first be brought to the zoning board of CT Page 848 appeals. The plaintiff argues further that had the court known of Public Act 02-74 at the time of judgment, dismissal of her appeal would have been prevented. The defendants argue that the legislative history of Public Act 02-74 indicates that it was not intended to be retroactive. The defendants argue further that the present appeal is not from a site plan decision, but is an appeal from the refusal of the zoning board of appeals to hear the plaintiffs appeal because it was brought more than three years late. They contend, therefore, that even if Public Act 02-74 was deemed to be retroactive, it does not apply to the present appeal.
"The principles by which we determine the effect of a subsequent statutory amendment on earlier legislation are well established. We recognize the usual presumption that, in enacting a statute, the legislature intended a change in existing law . . . This presumption, however, like any other, may be rebutted by contrary evidence of the legislative intent in the particular case." (Citations omitted; internal quotation marks omitted.) Andersen Consulting, L.L.P. v. Gavin,255 Conn. 498, 516-17, 767 A.2d 692 (2001).
"In determining the intended effect of a later enactment on earlier legislation, two questions must be asked. First, was the act intended to clarfy existing law or to change it? Second, if the act was intended to make a change, was the change intended to operate retroactively?" (Emphasis in original; internal quotation marks omitted.) AndersenConsulting, L.L.P. v. Gavin, supra, 255 Conn. 517. "Whether to apply a statute retroactively or prospectively depends upon the intent of the legislature in enacting the statute . . . [T]o determine the legislative intent, we utilize well established rules of statutory construction. Our point of departure is General Statutes § 55-3, which states: No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect. The obligations referred to in the statute are those of substantive law. . . . Thus, we have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only . . . Where an amendment is intended to clarify the original intent of an earlier statute, it necessarily has retroactive effect." (Emphasis in original; citations omitted; internal quotation marks omitted.) Id.
To ascertain whether the legislature intended an amendment to be given retrospective effect, "[w]e generally look to the statutory language and the pertinent legislative history . . . (Internal quotation marks omitted.) Id., 518: see also Quarry Knoll II Corp. v. Planning Zoning Commission, 256 Conn. 674 72's 780 A.2d 1 (2001). "Another factor CT Page 849 [that] we have deemed to be significant in determining the clarifying character of legislation is that the legislation was enacted in direct response to a judicial decision that the legislature deemed incorrect." (Internal quotation marks omitted.) Oxford Tire Supply, Inc. v.Commissioner of Revenue Services, 253 Conn. 683, 693, 755 A.2d 850
(2000).
The legislative history of Public Act 02-74 indicates that it was enacted, in part, as a response to a judicial decision the legislature deemed incorrect and to clarify the appeals process for decisions rendered by zoning boards. Although the Appellate Court case was not named, in the House of Representative proceedings, Representative Blackwell stated that "[t]his amendment is a simple clarification to a mistaken Appellate Court decision that overturned a longstanding and workable appeals process. This amendment simply says that any appeals of a denial of a site plan is made to the Superior Court, which is consistent to the appeals of most municipal actions and municipal decisions." 45 H.R. Proc., Pt. 3, 2002 Sess., p. 000915. Likewise, Representative Fontana explained that "[t]he bill also clarifies that site plans are administrative actions as subject to the normal appeals process." 45 H.R. Proc., supra, p. 000923. The act was thus intended by the legislature to be retroactive and would permit a court to grant a timely-filed motion to open a judgment of dismissal on an appeal from a site plan decision.
The act, however, merely clarifies that General Statutes § 8-8
(b), was intended to allow appeals from site plan decisions to be made directly to Superior Court just as "the appeals of most municipal actions and municipal decisions." It does not change the longstanding principles of existing law in the "normal appeals process," which require that "if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Fish Unlimited v. Northeast Utilities ServiceCo., 254 Conn. 1, 11-12, 756 A.2d262 (2000).
Thus, while Public Act 02-74 may be retroactively applied to correct those situations where the court dismissed the appeal for failure to exhaust administrative remedies when municipal regulations have not provided for an appeal to the zoning board of appeals, it may not be applied where the municipal regulations have provided such a remedy and the remedy was not pursued.
The facts of the present case indicate that the North Stonington zoning regulations provide an administrative remedy that decisions from the zoning commission may be appealed to the zoning board of appeals. The CT Page 850 facts also reveal that this appeal is not from a site plan decision. As stated earlier, the appeal from the site plan decision was dismissed on July 21, 1998, and was affirmed by the Appellate Court on June 27, 2000. The plaintiff never filed a motion to open that dismissal. Rather, the plaintiff appealed to the zoning board of appeals, which refused to hear her appeal because it was brought three years later. The decision of the zoning board of appeals was upheld by the trial court and the plaintiff seeks to open that judgment. Public Act 02-74 is therefore inapplicable to the present motion.
For the foregoing reasons. the plaintiffs motion to open is denied.
 ___________________ D. Michael Hurley, JTR