[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO OPEN #116
 FACTS
On August 15, 2001, the Old Lyme zoning enforcement officer (ZEO) issued a letter of final determination that the plaintiffs' property is a "seasonal dwelling as defined under the Old Lyme Zoning Regulations." The plaintiffs appealed to the zoning board of appeals (ZBA), which upheld the ZEO's decision on January 16, 2001. The plaintiffs subsequently commenced this appeal in a timely fashion. On September 18, 2002, this court sustained the plaintiffs' appeal on the grounds that the ZBA acted in an unreasonable, arbitrary or illegal manner because it gave improper reasons based on standards that were not pertinent to the ZBA's consideration of the plaintiffs' appeal, and which were not contained in the provisions of the Old Lyme zoning regulations § 21.2.5(b), the regulation that permits landowners to contest the ZEO's designation of their property as a "seasonal use dwelling." Pursuant to Practice Book §§ 17-4 and 11-11,[1] the defendant timely filed the present motion to open the judgment sustaining the plaintiffs' appeal on the grounds that the court did not review the entire record before rendering its decision. The plaintiffs filed a memorandum in opposition.
 DISCUSSION
"Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court . . ." (Internal quotation marks omitted.) Handy v. Minwax Co., 46 Conn. App. 54,56, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997).
A motion to open "should not be granted merely to allow the court to reconsider its decisions on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision." (Internal quotation marks omitted.) Breen v. Breen, CT Page 166018 Conn. App. 166, 172, 557 A.2d 140, cert. denied, 212 Conn. 801,560 A.2d 984 (1989), quoting 2 E. Stephenson, Connecticut Civil Procedure § 207, p. 863 (2d Ed. 1971). "Once a judgment has been rendered it is to be considered final and it should be left undisturbed by post-trial motions except for a good and compelling reason." (Internal quotation marks omitted.) TLC Development, Inc. v. Planning ZoningCommission, 215 Conn. 527, 533, 577 A.2d 288 (1990).
Citing Stankiewicz v. Zoning Board of Appeals, 211 Conn. 76,556 A.2d 1024 (1989), the defendant argues that when the court determined that the reasons given by the ZBA were improper and not pertinent to the considerations the ZBA was required to apply under its zoning regulations, the court was required to search the entire record for a basis to support its decision. The plaintiffs argue in opposition thatStankiewicz does not "stand for the proposition that the court is entitled to simply ignore the collective statement of reasons issued by the Board and search the record for alternative grounds to support the action of the agency." The plaintiffs argue further that the standard inStankiewicz has not been followed by our appellate courts in the context presented by the defendant, but instead has been followed only when no reason whatsoever has been given by the zoning board, and should thus not be applied to the present case.
In Stankiewicz, a zoning board of appeals granted multiple variances based on unique conditions of the land and the fact that the plaintiffs had not themselves caused the hardship. The trial court affirmed the granting of the variances after determining, contrary to the board's stated reasons, that the hardship was not unique and thereafter searching the record to find that the zoning regulations as applied to the applicant's property were confiscatory. Stankiewicz v. Zoning Board ofAppeals, 15 Conn. App. 729, 731, 546 A.2d 919 (1988), aff'd., 211 Conn. 76,556 A.2d 1024 (1989). Despite the fact that the zoning board of appeals gave a formal collective statement of its reasons for granting the variances, the court searched the record, stating that "[i]f a board fails to give reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." (Emphasis added.) Id.
"Although the Stankiewicz decision was affirmed by the Supreme Court in a per curiam decision, the court has specifically declined to decide whether it is inconsistent with the general rule, as announced in FirstHartford Realty v. Planning Zoning Commission, 165 Conn. 533, 543,338 A.2d 490 (1973), and DeMaria v. Planning Zoning Commission, [159 Conn. 534, 541, 271 A.2d 105 (1970)]," that a court must not search the record when the board has given a formal collective reason for its CT Page 1661 decision, but must search the record only when no reason has been given.The Price Co. v. Planning Zoning Board, Superior Court, judicial district of Ansonia-Milford at Derby, Docket No. CV 00 0072628 (August 31, 2001, Radcliffe, J.), citing Protect Hamden/North Haven fromExcessive Traffic Pollution, Inc. v. Planning ZoningCommission, 220 Conn. 527, 545-46 n. 15, 600 A.2d 757 (1991). Moreover, "the phrase in Stankiewicz, `or its reasons are inadequate,' has not been incorporated into subsequent decisions by either the Supreme Court or the Appellate Court, when discussing the proper role of the court when reviewing the decision of a municipal zoning agency." Id. Rather, the courts have consistently restated the general rule. See Harris v. ZoningCommission, 259 Conn. 402, 420, 788 A.2d 1239 (2002); Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 208, 658 A.2d 559 (1995); West HartfordInterfaith Coalition, Inc. v. Town Council, 228 Conn. 498, 513,636 A.2d 1342 (1994); Kaufman v. Zoning Commission, 232 Conn. 122, 142,653 A.2d 798 (1995); A. Aiudi Sons, LLC v. Planning ZoningCommission, 72 Conn. App. 502 (2002); Quality Sand and Gravel v. Planningand Zoning Commission of the City of Torrington, 55 Conn. App. 533, 537,738 A.2d 1157 (1999); Jaser v. Zoning Board of Appeals, 43 Conn. App. 545,547-48, 684 A.2d 735 (1996); Protect Hamden/North Haven from ExcessiveTraffic Pollution, Inc. v. Planning Zoning Commission,supra, 220 Conn. 544.
This court follows the decisions in those cases decided afterStankiewicz that do not incorporate the phrase "or its reasons are inadequate," for the proper standard of judicial review of a zoning board of appeals decision. Permitting a court to search the record for any reason to support the zoning board's decision where a zoning board has given a formal collective statement of reasons would impermissibly usurp the statutory powers and responsibilities of the zoning board of appeals. "To supplement reasons given by the board . . . with justifications found by the court, would represent an inappropriate usurpation of the legitimate powers of municipal zoning officials by the courts." The Price Co. v. Planning Zoning Board, supra, Superior Court, Docket No. CV 00 0072628.
In its prior decision sustaining the plaintiffs' appeal, this court determined that the ZBA, in arriving at its decision, acted illegally, arbitrarily or unreasonably when it applied standards not contained in the applicable regulations that were pertinent to the ZBA's consideration of the plaintiffs' appeal. The reasons given by the defendants were given in a clear, unambiguous, formal, collective statement. This court finds no compelling reason to look beyond such stated reasons and to search the record for any other reason the court may think justifies the board's decision. CT Page 1662
Accordingly, the defendant's motion to open the decision sustaining the plaintiffs' appeal is denied.
Joseph J. Purtill, JTR