BURTON FONTAINE *v.* ZEAKE THOMAS
(AC 17511)

Foti, Schaller and Daly, Js.

Argued September 22—officially released November 17, 1998

*Scott W. Jezek*, for the appellant (defendant).

*Michael A. Blanchard*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant, Zeake Thomas, appeals from the trial court's denial of his motion to open and set aside a judgment rendered after he was defaulted for failing to appear. The defendant claims that the trial court improperly (1) concluded that his letter to the clerk of the court did not constitute a valid pro se appearance, (2) abused its discretion in concluding that the defendant did not sustain his burden of proving that he was prevented by mistake, accident or other reasonable cause from filing an appearance and (3) refused to allow him to testify concerning the status of his health. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In 1990, the plaintiff, Burton Fontaine, a tenant in a building owned by the defendant, allegedly slipped on ice outside a door to the building and sustained injuries to his head, neck and back. The present action was commenced against the defendant, alleging that the accumulation of ice was caused by the defendant's negligence in not having installed a gutter over the doorway and in not having cleared away the ice.

The defendant received notice of the lawsuit by in-hand service on November 5, 1992.[1] On February 11,

---

[1] The defendant admitted to having received service of process during a hearing that was held on the his motion to open and set aside the default judgment rendered against him. The following colloquy took place between the court and the defendant:

"The Court: Are you familiar with the lawsuit that has brought us here in court today, Burton Fontaine versus Zeake Thomas?

1993, the plaintiff moved for a default against the defendant for his failure to appear. The defendant was defaulted on February 16, 1993. Two days later, on February 18, 1993, the defendant wrote a letter[2] to the clerk of the court, stating that he had been defaulted under another name and that neither he nor his attorney had notice of the action. The defendant also sought to have forwarded to him all notices of court actions and dates. He signed his name as Virgil F. Thomas, but did not include the name of the action, the docket number or even his address.

On July 20, 1994, a hearing in damages was held, and judgment was rendered against the defendant in the

"[The Defendant]: Yes, sir, I am.

"The Court: When did you first learn about the lawsuit?

"[The Defendant]: I got notice by a sheriff serving the papers from Brown, Jacobson [the plaintiff's law firm].

"The Court: And when did you first become aware that Mr. Fontaine had a potential claim against you?

"[The Defendant]: In the fall of 1992."

[2] The defendant's letter dated February 18, 1993, is as follows:

"FROM: MR. VIRGIL F. THOMAS:

TO: CLERK OF SUPERIOR COURT:

RE: MOTION FOR DEFAULT:

DEAR MS. DOHERTY,

I RECEIVED THE FOLLOWING LETTER IN THE MAIL YESTERDAY, AND WAS SOMEWHAT TAKEN ABACK. I FIND THAT I HAVE BEEN TAKEN TO COURT, UNDER ANOTHER NAME, HAVE BEEN DEFAULTED IN AN ACTION, FOR WHICH I, OR MY ATTORNEYS HAVE NEVER BEEN NOTIFIED. I HAVE BEEN IN TOUCH WITH THE GOVERNOR'S OFFICE ABOUT THIS MATTER, AND HAVE BEEN ADVISED TO CONTACT THE COURT INVOLVED, WHICH I AM DOING.

HAD I HAVE BEEN NOTIFIED OF ANY COURT DATES, CONCERNING MYSELF, I OBVIOUSLY WOULD HAVE APPEARED, WITH COUNSEL. I DID NOT GET ANY SUCH NOTICE FROM THE COURTS. IN CLOSING, I WISH TO HAVE THE NAMES OF THE PERSONS RESPONSIBLE FOR THIS NOTIFICATION PROCESS, AND ALSO THE JUDGE PRESIDING, WHO ISSUED THIS MOTION. TIMES ARE CHANGING, BUT WE STILL ARE ENTITLED TO DUE PROCESS, AND IF ANY ACTIONS ARE TAKEN AGAINST ME OR ANY OF MY PROPERTY, BY MR. FONTAINE, OR HIS ATTORNEYS, BEFORE THIS MATTER IS SETTLED, I WILL NOTIFY GOVERNOR WEICKER'S OFFICE, ALONG WITH THE BAR REVIEW COMM., ABOUT THESE PROCEDURES YOU HAVE UNDERTAKEN.

amount of \$112,352.82. On February 10, 1997, the defendant filed a motion to open and set aside the judgment.[3] A hearing was held on the defendant's motion, at which time the court denied the defendant's request to regard his February 18, 1993 letter to the clerk's office as his appearance. In its written memorandum of decision,[4] the trial court concluded that apart from its being typewritten, the letter met none of the requirements of Practice Book § 64 (b), now § 3-3.[5] Thus, the trial court

PLEASE FORWARD TO ME, ALL NOTICES OF COURT ACTION, DATES, ETC., ALONG WITH ANY CERTIFIED RECEIPTS OF SAME.
RESPECTFULLY SUBMITTED:
VIRGIL F. THOMAS"

[3] In this case, the defendant's motion to open was filed on February 10, 1997, over two years after the judgment was rendered. Pursuant to Practice Book § 377, now § 17-43, "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside *within four months* succeeding the date on which notice was sent . . . ." (emphasis added); see also General Statutes § 52-212. Normally, "[a] trial court has no jurisdiction to open a judgment beyond the four month period." *Serrano* v. *Behar*, 15 Conn. App. 308, 311, 544 A.2d 250 (1988). The record discloses, however, that counsel for the plaintiff failed to mail notice of the default judgment to the defendant as required by Practice Book § 354, now § 17-22. "We have indicated that for the purpose of opening a default judgment pursuant to General Statutes § 52-212, a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment. *DiSimone* v. *Vitello*, 6 Conn. App. 390, 393, 505 A.2d 745 (1986)." *Handy* v. *Minwax Co.*, 46 Conn. App. 54, 57, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997). The court was correct, therefore, in entertaining the defendant's motion and in applying the test set forth in Practice Book § 377, now § 17-43, and General Statutes § 52-212 (a) in determining whether that motion should be granted.

[4] The trial court's memorandum of decision on the denial of the defendant's motion to open was filed on July 29, 1997. On August 25, 1997, the defendant filed a motion for articulation, which was denied by the trial court on September 8, 1997. The defendant did not file a motion for review of that denial with this court.

[5] At the time of the defendant's letter to the clerk of the court, Practice Book § 64 (b) provided: "After the writ has been filed the attorney for any party to any action, or any party himself, may enter his appearance in writing with the clerk of the court to which such action is returnable.

"Each such appearance shall (1) be typed or printed on legal size paper until January 1, 1979, when size 8 1/2" x 11" paper shall thenceforth be used, (2) be headed with the name and number of the case, the name of

found that "no appearance was filed by the defendant, despite evidence that he received in-hand service" on November 2, 1992. Additionally, the trial court concluded that the defendant was not prevented by accident, mistake or other reasonable cause from filing an appearance and, therefore, his motion to open should be denied.

## I

The defendant first argues that the trial court improperly refused to recognize his February 18, 1993 letter to the clerk of the court as a valid pro se appearance.[6] We disagree.

The rule concerning appearances "is a rule of convenience, and as such should be observed"; *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 393 (1884); however, "there may be an actual appearance for all the purposes of a defense without an entry on the docket." Id., 393–94. Additionally, "The entry of an appearance need not necessarily be made by filing a formal appearance form." *Beardsley* v. *Beardsley*, 144 Conn. 725, 730, 137 A.2d 752 (1957). The rules of practice will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work an injustice. Practice Book § 1-8, formerly § 6; *Snow* v. *Calise*, 174 Conn. 567, 574, 392 A.2d 440 (1978).

The defendant is correct when he argues that the letter may have constituted an appearance as a matter of law. He is not correct, however, when he states that

the court to which it is returnable and the date, substantially in conformity with the applicable form in the Practice Book, (3) be legibly signed by the individual preparing the appearance with is own name and (4) state the party or parties for whom the appearance is being entered and the official (with position or department, if desired), firm, professional corporation or individual whose appearance is being entered, together with the juris number assigned thereto if any, and the mailing address." See Practice Book § 3-3.

[6] The defendant does not claim that his conduct in any way operated as an appearance.

the trial court "abused its discretion"[7] in concluding that it did not. The trial court concluded that the letter lacked the substance to satisfy the minimum requirements of Practice Book § 64 (b), now § 3-3, which defines the requirements for a valid appearance. The letter did not contain the defendant's address or the name of the case to which it was referring. In addition, the defendant did not cite the plaintiff's name or the return date. We note also that while the defendant knew, through the in-hand service of process, that the name "Zeake" Thomas was used to identify the named defendant, he never informed the clerk of court that this was his "other name." While the defendant's name is Virgil F. Thomas, he has often used Zeake Thomas, including in placing advertisements in the telephone directory.

We conclude that the trial court properly ruled that this letter did not satisfy the minimum requirements of an appearance. We find that the court's determination was not clearly erroneous and conclude that the letter did not constitute an appearance as a matter of law.

## II

The defendant next claims that the trial court improperly denied his motion to open by concluding that he had not sustained his burden of demonstrating that he was prevented by mistake, accident or other reasonable cause from appearing to defend this action. We disagree.

Where a trial court has the power to open a judgment, its action represents an exercise of discretion, and that court's decision will not be disturbed on appeal "unless the court acted unreasonably and in clear abuse of its

---

[7] The defendant refers to an incorrect standard of review. Our standard of review is whether the trial court's findings were clearly erroneous; *In re Michael A.*, 47 Conn. App. 105, 109, 703 A.2d 1146 (1997); and also whether the letter, as a matter of law, constituted an appearance by facially satisfying the minimum requirements of an appearance.

discretion." *Danise* v. *Budget Rent-A-Car of Westchester, Inc.*, 41 Conn. App. 297, 299, 675 A.2d 464 (1996). The denial of a motion to open a judgment should not be held to be an abuse of discretion in any case in which it appears that the moving party has not been prevented by mistake, accident or other reasonable cause from making a defense. See *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 238, 543 A.2d 728 (1988); see also General Statutes § 52-212 (a); Practice Book § 17-43, formerly § 377.

In this case, although the defendant had actual notice of the pending case by reason of the in-hand service, he failed to take any action other than to send the letter. While it may have been his mistaken perception of what steps he had to take that prevented him from defending, his error does not constitute a demonstration of mistake, accident or other reasonable cause that prevented him from defending the plaintiff's case. The defendant did not sustain his burden. We cannot conclude that the trial court abused its discretion in denying the defendant's motion.

### III

The defendant's final claim is that the trial court improperly excluded his testimony at the hearing on his motion to open concerning the status of his health. We disagree.

"The trial court has broad discretion in determining the relevancy of evidence. *State* v. *Fritz*, 204 Conn. 156, 167, 527 A.2d 1157 (1987). We afford a trial court's ruling on the admissibility of evidence great deference. *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). Its evidentiary rulings will be set aside only where there has been a clear abuse of discretion. *State* v. *Holliman*, 214 Conn. 38, 50, 570 A.2d 680 (1990)." *State* v. *Reddick*, 36 Conn. App. 774, 789, 654 A.2d 761, cert. denied, 232 Conn. 922, 656 A.2d 671 (1995).

Here, because there was no offer of proof made, we cannot review what the proffered evidence would have been so as to determine its relevance. The record is not clear as to what period of time the defendant sought to testify regarding his health. We similarly cannot ascertain the reason for which this evidence was being offered. "Without an adequate record on which to review the rulings of the trial court, this court must assume that the trial court acted properly. *Jacobsen* v. *Jacobsen*, 177 Conn. 259, 267, 413 A.2d 854 (1979); *Johnson* v. *Newell*, 160 Conn. 269, 277, 278 A.2d 776 (1971)." *State* v. *James L.*, 26 Conn. App. 81, 86, 598 A.2d 663 (1991). We therefore decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.