[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT (#110) and MOTION TO ENJOIN PLAINTIFF FROM EXECUTION OF JUDGMENT (#111)
Presently before this court are the defendant Paul Theroux's motion to open the judgment rendered against him and his motion to enjoin the plaintiff from execution of the judgment. On or about August 20, 1998, the plaintiff Telespectrum Worldwide, Inc. filed a two-count complaint, with a return date of September 15, 1998, alleging breach of contract and financial damage. (Complaint, Counts One and Two.) The sheriff's return, dated August 24, 1998, attests that service of process was made on each of the defendants, Mesa Partners, William W. Bishop, and Paul Theroux. The complaint alleges that defendants Bishop and Theroux "were general partners of Defendant Mesa Partners, a general partnership. " (Count One, ¶ 2.)
For purposes of the present motions, the court is primarily concerned with the defendant Theroux. The sheriff attested that service of process was delivered "at the usual place of abode of Paul Theroux. . . ." (Sheriff's Return.) On September 8, 1998, a sheriff's affidavit of non-military service was filed by the plaintiff, with respect to Theroux. Theroux filed a pro se appearance on September 15, 1998. An appearance was filed by counsel on behalf of the defendants Mesa Partners and William W. Bishop on September 18, 1998. None of the defendants subsequently filed any additional pleadings.
On October 23, 1998, the plaintiff filed a motion for default for failure to plead against the defendants Mesa Partners and Theroux, which motion was granted on November 4, 1998, "for CT Page 810 failing to plead within the time prescribed by law."[1] Counsel for the plaintiff filed a certificate of closed pleadings with the court on December 15, 1998. The certificate included counsel's certification that a copy of the document was also served to Theroux at the address filed with the court on Theroux's appearance form. On December 15, 1998, notice of assignment to the trial list was sent to the parties. (State of Connecticut, Judicial Branch, Case Detail.) On March 24, 1999, after a hearing in damages, judgment was entered for the plaintiff against both Mesa Partners and Theroux, in the amount of $140,000. (March 24, 1999 Order, D'Andrea, J.)
On September 13, 1999, nearly six months after judgment was entered against him, Theroux filed both a motion to open the judgment and a motion to enjoin the plaintiff from executing the judgment pending the resolution of the motion to open judgment. Theroux alleges the following facts in his motion to open judgment and affidavit of facts.[2] His only notice of the fact that judgment was being entered against him was "through notification from People's Bank that an execution by the Plaintiff was being sought on August 19, 1999." (Motion to Open Judgment, ¶ 1.) The plaintiff did not send him notice that judgment had been entered. (Motion to Open Judgment, ¶ 2.) He was an employee of Mesa Partners. (Motion to Open Judgment, ¶ 3.) "The partnership" hired counsel, Attorney Richard E. MacLean, to represent "the interest of the company." (Motion to Open Judgment, ¶ 5.) Theroux "was under the impression" that Attorney Richard E. MacLean was also defending his interest. (Motion to Open Judgment, ¶ 5.) Theroux thought his interests were included in a settlement between the plaintiff and "the employer."[3]
(Motion to Open Judgment, ¶ 7.) Theroux was unaware that his employer and his employer's attorney left him out of the settlement described above." (Motion to Open Judgment, ¶ 8.) Theroux "never received notice that the Plaintiff was going forward with Hearings in Damages against him in March of 1999." (Motion to Open Judgment, ¶ 9.) "The work performed by the Plaintiff for which the underlying claim arises out of, was substandard and not in conformance with the particular terms of the agreement with the Plaintiff and Mesa Partners." (Motion to Open Judgment, ¶ 10.) "The Plaintiff knew or should have known that [Theroux] was an employee of Mesa Partners and that he was not personally liable for the work performed on behalf of Mesa Partners." (Motion to Open Judgment, ¶ 11.) Theroux alleges that he was "greatly prejudiced" by the entering of the $140,000 judgment against him and that the judgment "was entered in error CT Page 811 in that [Theroux] was of the belief that this matter was settled and fully resolved by the Mesa Partners legal counsel." (Motion to Open Judgment, ¶ 12.) Theroux "further represents that good defenses exist now and at the time [that] the judgment was entered." (Motion to Open Judgment, ¶ 13.) Theroux states in his affidavit that "if not for the reasonable belief of settlement of this claim I would have presented the defenses of employee and not partners substandard work by the Plaintiff. I would have further retained my own counsel to represent my interest had I known my employer's counsel was not settling the entire matter." (Emphasis added.) (Theroux Affidavit, ¶ 14.)[4]
"It is well-established that the action of the trial court, in either granting or denying a motion to open a default judgment, lies within its sound discretion." Costello v. Hartford Instituteof Accounting, Inc., 193 Conn. 160, 166-67, 475 A.2d 310; seeBrunswick School, Inc. v. Hutter, 53 Conn. App. 455, 459
___ A.2d ___ (1999). When ruling on a motion to open a default judgment, "[i]t [is] for the trial court to weigh the evidence and determine the credibility of the witnesses." Pantlin ChananieDevelopment Corp. v. Hartford Cement Building Supply Co.,196 Conn. 233, 237, 492 A.2d 159 (1985). "A trial court's conclusions are not erroneous unless they violate law, logic, reason or are inconsistent with the subordinate facts of the finding." (Internal quotation marks omitted.) Costello v. HartfordInstitute of Accounting, Inc., supra, 193 Conn. 167.
Initially, the court must determine whether Theroux timely filed the motion to open judgment. General Statutes § 52-212 (a) provides, in pertinent part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."
Practice Book § 17-43 similarly provides: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was CT Page 812 sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same."
"The opening of judgments upon default is governed by the provisions of [§] 52-212 of the General Statutes and [§] 17-43 of the Practice Book. Both provisions are very clear in their requirement that not only must the motion show the existence of certain conditions but the motion must be verified by the oath of the complainant or the complainant's attorney, and shall state in general terms the nature of the claim or defense and shall particularly set forth the reasons why the . . .defendants failed to appear. Such verification may be made in an affidavit separate from the motion as long as it is filed prior to adjudication." (Internal quotation marks omitted.) Arcata Investments, Inc. v.Fram, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328133 (May 6, 1999, Mottolese, J.)
"The existence of actual or constructive notice is a question of fact properly within the province of the trial court." Handyv. Minwax Co., 46 Conn. App. 54, 57, 698 A.2d 339, cert. denied,243 Conn. 921, 701 A.2d 342 (1997); see Federal Ins. Co. v.Gabriele, 54 Conn. App. 459, 461-62, 735 A.2d 368 (1999). "Where the defendants have not received notice of the default judgment . . . the time within which they may move to set aside the judgment is extended by the delay in notification. . . . [I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." (Citation omitted; internal quotation marks omitted.) Habura v.Kochanowicz, 40 Conn. App. 590, 592-93, 672 A.2d 512 (1996). "We have indicated that for the purpose of opening a default judgment pursuant to General Statutes § 52-212, a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment." Handy v.Minwax Co., supra, 46 Conn. App. 57.
Theroux filed his motion to open on September 13, 1999. Despite the fact that Theroux filed a pro se appearance in the present CT Page 813 action on September 15, 1998, Richard E. MacLean, counsel for Mesa Partners and William W. Bishop, filed an appearance three days later. The plaintiff believed that MacLean's representation of Mesa Partners included protection of his interests, and that any settlement procured by MacLean would protect him. Apparently, the plaintiff settled its litigation with Bishop, and Theroux had the misunderstanding that this settlement resolved all claims. In addition, Theroux advised the plaintiffs attorney that he was not a partner in Mesa Partners, and had engaged in a discussion of the litigation with MacLean. Considering all of the circumstances of this case, including Theroux's sworn affidavit stating that he was not a partner in Mesa Partners, it was reasonable for Theroux to believe that the present litigation would not result in a judgment against him. Based upon Theroux's affidavit, this court is satisfied that the plaintiff failed to receive actual or constructive notice of the judgment against him until August 19, 1999, when People's Bank notified him that the plaintiff sought an execution of its judgment. Therefore, this court holds that Theroux filed the motion to open judgment in a timely fashion.
This court is also satisfied that Theroux had a good defense to the underlying action and that Theroux failed to appear due to a mistake. "[I]n order to set aside a judgment passed upon default, there must be a showing that (1) a good defense existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause. . . . Since the conjunctive `and' meaning `in addition to' is employed between the parts of the two prong test, both [prongs] must be met." (Citation omitted; internal quotation marks omitted.) Pantlin Chananie Development Corp. v. Hartford Cement Building SupplyCo., 196 Conn. 233, 240, 492 A.2d 159 (1985). "Of course, negligence is no ground for vacating a judgment, and we have held consistently that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." (Emphasis added.) Id., 235; see also Fontaine v. Thomas, supra,51 Conn. App. 83.
As previously stated, the initial action was brought against Theroux as a partner of Mesa Partners. General Statutes § 34-327
provides: "Except as otherwise provided in subsections (b), (c) and (d), all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." In his present motion to open the CT Page 814 default judgment, Theroux claims that he was an employee of Mesa Partners, not a partner, and therefore is not liable for the judgment entered against him. Theroux's affidavit asserts this fact. In addition, Theroux indicates that Bishop and Thomas St. Dennis and/or Ellen St. Dennis were the partners in Mesa Partners. The plaintiff has failed to provide any evidence to the contrary. Clearly, Theroux's defense that he was an employee of Mesa Partners, rather than a partner, was a good defense at the time judgment was entered against him. The underlying cause of action against Theroux is derived from Mesa Partners' breach of contract for telemarketing services. If Theroux was not a partner, but merely acted as an employee of Mesa Partners, then he is not responsible for its financial obligations. See General Statutes §§ 34-327 34-328.
In addition, Theroux's failure to appear was based upon a reasonable mistake of fact. An individual who merely acts as an employee for a partnership does not have to answer for the obligations of the partnership. As previously stated, Theroux acted upon the mistaken impression that MacLean represented his interests and that the settlement resolved all claims in the lawsuit. This court does not believe that Theroux would be unreasonable to believe that his former employer would correct the plaintiff's misapprehension of fact concerning Theroux' s status as an employee, and his employer would prevent the apparent miscarriage of justice created by charging him, as merely an employee, with the financial obligations of the partnership.
In addition, this case is distinguishable from Fontaine v.Thomas, 51 Conn App. 77, 83, 720 A.2d 264 (1998). In that case, "the defendant had actual notice of the pending case by reason of the in-hand service." Id., 83. He failed, however, to take any action other than to send a letter to the clerk of the court, after a default judgment had been entered, stating that he had been defaulted under another name. See id. The court ruled that "[w]hile it may have been his mistaken perception of what steps he had to take that prevented him from defending, his error does not constitute a demonstration of mistake, accident or other reasonable cause that prevented him from defending the plaintiff's case. The defendant did not sustain his burden." Id. In this case, Theroux does not claim that he did not understand the steps that he had to pursue to defend himself. Instead, he believed that the entire case had settled. CT Page 815
Based upon the circumstances of this case, this court is content that Theroux has provided sufficient grounds to open the judgment. Theroux has satisfied both the good defense and reasonable cause requirements necessary for reopening a default judgment. Therefore, Theroux' s motion to open the judgment is granted, and his motion to enjoin the plaintiff from execution of the judgment is granted.
So ordered.
KARAZIN, J.