# STATE OF CONNECTICUT *v.* WALTER DECLAYBROOK
## (AC 19076)

Spear, Hennessy and Daly, Js.

Argued June 5—officially released October 17, 2000

*Kevin A. Randolph,* special public defender, for the appellant (defendant).

*Bruce R. Lockwood,* deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Christopher Parakilas,* assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Walter DeClaybrook, appeals from the judgment of conviction, rendered following his conditional nolo contendere plea, of one count of sale of narcotics in violation of General Statutes § 21a-277 (a). On appeal, the defendant claims that the trial court improperly (1) denied his motion for a speedy trial dated July 24, 1998, as being premature, (2) abused its discretion in deeming his letter to the court dated September 2, 1998, a new motion for a speedy trial and (3) abused its discretion in failing to rule on his motion to dismiss filed on September 30, 1998. We affirm the judgment of the trial court.

The following facts are relevant to our disposition of this appeal. The defendant was arrested on February 21, 1997, by Enfield police pursuant to a warrant on charges arising from his sale of narcotics to an undercover state police trooper on October 10, 1996. On February 24, 1997, the state filed an information charging the defendant with, inter alia, the sale of narcotics pursuant to § 21a-277 (a).[1]

---

[1] The defendant also was charged with possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d), sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b), conspiracy to sell narcotics in violation of General Statutes §§ 53a-48 and 21a-277 (a), and sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). These charges were nolled pursuant to the defendant's plea agreement.

Thereafter, the defendant was held, in lieu of bond, as a pretrial detainee, from February 24, 1997, to April 29, 1997, when he was released on a nonsurety bond with a random drug testing condition. On July 24, 1997, the defendant was placed in an alternative incarceration center because of noncompliance with the conditions of his release. In September, 1997, the defendant was placed in another alternative incarceration center, but tested positive for drug use and was arrested twice. The court subsequently reinstated the original surety bond, and the defendant was returned to the lockup as a pretrial detainee held in lieu of bond on October 23, 1997.

Approximately nine months later, on July 24, 1998, the defendant filed a motion for a speedy trial. After a hearing on July 31, 1998, the court denied the motion as premature.[2] Thereafter, on September 2, 1998, the defendant mailed a pro se letter to the court, which indicated that the letter was to serve as his official notification that he intended to sue the state for illegally detaining him and requested his immediate release. The court, despite the defendant's emphatic protestations, interpreted the September 2, 1998 letter as a new motion for a speedy trial, granted the request and determined that the defendant's trial must begin within thirty days of September 8, 1998.

On September 30, 1998, the defendant filed a motion to dismiss after the court failed to grant his July 24, 1998 motion for a speedy trial. The court, however, took no action on the motion to dismiss.

On October 6, 1998, the defendant entered a plea of nolo contendere conditioned on his right to appeal from the court's implicit denial of his motion to dismiss in which he alleged a violation of his right to a speedy

[2] The court made no findings concerning excludable time periods at that time.

trial. The defendant received a sentence of five years, execution suspended, and five years probation. This appeal followed.

## I

The defendant first claims that the court improperly failed to grant his July 24, 1998 motion for a speedy trial.[3] He claims that because he was incarcerated in lieu of bond for more than nine months before he filed the motion, the court improperly relied on Practice Book § 43-39 (c) and (d) in denying the motion as premature. We disagree.

Practice Book § 43-39 (c) provides: "Except as otherwise provided herein and in Section 43-40, the trial of a defendant charged with a criminal offense on or after July 1, 1985, shall commence within twelve months from the filing of the information or from the date of the arrest, whichever is later." Practice Book § 43-39 (d) provides: "The trial of such defendant shall commence within eight months from the filing of the information or from the date of the arrest, whichever is later, if the following conditions are met: (1) the defendant has been continuously incarcerated in a correctional institution of this state pending trial for such offense; and (2) the defendant is not subject to the provisions of General Statutes § 54-82c."[4]

The defendant claims that the court should have relied on the eight month provision under Practice Book

---

[3] The defendant states in his brief that his rights to a speedy trial under the sixth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut were violated by the court's action. Because he fails, however, to provide any substantive argument in support of this claim, we deem it to be abandoned. See *In re Shane P.*, 58 Conn. App. 234, 243–44, 753 A.2d 409 (2000).

[4] A recitation of General Statutes § 54-82c is not germane to our discussion as the defendant was a pretrial detainee and not sentenced to a term of imprisonment in a correctional institution and, therefore, as both parties properly concede in their briefs, was not subject to § 54-82c.

§ 43-39 (d). The plain language of the applicable sections, however, demonstrate otherwise. As the state correctly points out in its brief, the court should have relied on the eight month provision under Practice Book § 43-39 (d) *only if* the defendant had been *continuously incarcerated* from February 24, 1997, the date the state filed an information charging the defendant, until July 24, 1998, the date the defendant filed his motion for a speedy trial. As the previously stated facts demonstrate, the defendant, who had been held as a pretrial detainee in lieu of bond beginning February 24, 1997, was *released* on bond with conditions on April 29, 1997. The defendant's bond was then reinstated on October 23, 1997, because he had violated the conditions of his release. Thereafter, the defendant was held in lieu of bond through the date that he filed the motion for a speedy trial. The result is that while the defendant was ultimately incarcerated in lieu of bond for more than nine months, he had not been *continuously incarcerated from the date of the filing of the information.* The court, therefore, properly denied the defendant's motion for a speedy trial.[5]

## II

The defendant next claims that the court abused its discretion in deeming his pro se letter to the court dated

---

[5] In any event, the defendant was not relying on Practice Book § 43-39 (c), which provides in relevant part that the "trial of a defendant charged with a criminal offense on or after July 1, 1985, shall commence within twelve months from the filing of the information or from the date of the arrest, whichever is later. . . ."

The defendant does correctly point out that the court improperly failed to make an excludable time computation in determining the time within which a trial must commence. Because, however, the defendant claimed only that the court improperly failed to rely on the eight month provision, he has waived any claim that it applied the twelve month provision incorrectly. It is well established that an appellate court is under no obligation to consider a claim that was not distinctly raised at the trial level. *Salmon* v. *Dept. of Public Health & Addiction Services*, 58 Conn. App. 642, 662, 754 A.2d 828 (2000).

September 2, 1998, as a new motion for a speedy trial and granting the motion rather than considering it to be a motion to dismiss.[6]

As an initial consideration, we note that the defendant incorrectly claims that this court's standard of review is to consider whether the trial court abused its discretion. The appropriate standard of review, however, is whether the court's findings were clearly erroneous and whether the letter, as a matter of law, constituted a motion for a speedy trial by satisfying the minimum requirements for such a motion. See *Fontaine* v. *Thomas*, 51 Conn. App. 77, 82 n.7, 720 A.2d 264 (1998), citing *In re Michael A.*, 47 Conn. App. 105, 109, 703 A.2d 1146 (1997). We conclude that the court's finding was not clearly erroneous.

Practice Book § 41-6 provides in relevant part: "Pretrial motions shall be written and served in accordance with Sections 10-12 through 10-17 unless, for good cause shown, the judicial authority shall grant permission to make an oral pretrial motion. Every written motion shall include a statement of the factual and legal or other basis therefor, shall state whether the same or a similar motion was previously filed and ruled upon, and shall have annexed to it a proper order. . . ." Our review of the motion reveals that the defendant failed (1) to provide any factual basis, (2) to state whether the same or a similar motion was previously filed and ruled on, and (3) to attach a proper order. Because the defendant failed to satisfy the requirements of Practice Book § 41-6, the court did not improperly fail to deem the defendant's letter a motion to dismiss.[7]

---

[6] The defendant's letter states in relevant part: "My illegal detention began on August 31, 1998, in direct violation of Connecticut General Statutes § 54-82m. This is my official notification that I intend to pursue a legal course of action against all parties affiliated with this illegal detention, and I am hereby requesting my immediate release."

[7] Moreover, as the state correctly points out, the defendant also failed to comply with the service requirement for a motion to dismiss. Because we already have determined that the court did not improperly fail to deem the

Furthermore, even if the court should have considered the letter as a motion to dismiss, that error would be harmless. Practice Book § 43-41 provides in relevant part: "If the defendant is not brought to trial within the applicable time limit set forth in Sections 43-39 and 43-40, and, absent good cause shown, a trial is not commenced within thirty days of the filing of a motion for speedy trial by the defendant at any time after such time limit has passed, the information shall be dismissed with prejudice, on motion of the defendant filed after the expiration of such thirty day period. . . ." Because the defendant's July 24, 1998 motion for a speedy trial had been denied, a motion to dismiss would have been premature and necessarily would have been denied. The defendant, therefore, suffered no harm in any event.

### III

The defendant claims finally that the court abused its discretion in failing to rule on his September 30, 1998 motion to dismiss. Because the record reveals that the court implicitly ruled on the motion, we reject this claim.

The defendant's actions demonstrate that he acknowledged that his motion to dismiss had been implicitly denied. First, one week after the defendant filed his September 30, 1998 motion to dismiss, he entered a conditional plea of nolo contendere, pursuant to General Statutes § 54-94a. Section 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law.

letter a motion to dismiss due to the defendant's failure to comply with Practice Book § 41-6, a discussion of the service requirements would be mere surplusage.

The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. . . ." Because the defendant entered his plea pursuant to § 54-94a, which authorizes an appeal from a denial of a motion to dismiss, the defendant obviously believed that the court had implicitly denied his motion. Moreover, because the court accepted the defendant's conditional plea and sentenced him, it necessarily found that his motion to dismiss had been denied. See *State* v. *Ober*, 24 Conn. App. 347 n.1, 351, 588 A.2d 1080, cert. denied, 219 Conn. 909, 593 A.2d 134, 135, cert. denied, 502 U.S. 915, 112 S. Ct. 319, 116 L. Ed. 2d 260 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.