[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 7101 RE: DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT #109
On September 26, 1997, the plaintiffs, Christopher Tremblay and Richard Domaleski, while walking along Buckley Hill Road in the town of Thompson, were struck by a 1997 Chevrolet Cavalier automobile driven by the defendant, Jason Costa. The codefendant, Raymond Blevin, was the owner at the automobile.
On July 29, 1998, the plaintiffs filed this civil action against the defendants to recover for the personal injuries they sustained as a result of the incident. Deputy Sheriff Arthur P. Johnston attested that he effectuated abode service upon the defendants on July 21, 1998, at 235 Maple Street in the borough of Danielson. On October 15, 1998, both defendants were defaulted for failure to appear. On January 25, 1999, the court granted the plaintiffs' motion for judgment after default.
On February 9, 2001, pursuant to Practice Book § 17-43,[1] Blevin filed a motion to set aside the default judgment and to answer the complaint late. Blevin's argues that the default judgment is void and unenforceable because the plaintiffs did not comply with the notice provision of Practice Book § 17-22.[2] Blevin's affidavit, which is incorporated into his supporting memorandum, attests that he never received notice of the judgment after default, and that he didn't become aware of the judgment until February 6, 2001, when his attorney informed him of its existence. Because of the plaintiffs' failure to comply with the notice provision, Blevin argues, the court has the authority to open the default beyond the four month statutory limitation period set out in Practice Book § 17-43(a).
The plaintiffs object to the motion to set aside the default judgment, arguing that Practice Book § 17-22 "should be interpreted to require the prevailing party to send the terms of any judgment secured relative to a default after said terms have been entered by the Court." (Emphasis in original.) Plaintiffs' Memorandum in Opposition, p. 1. The plaintiffs further argue that Blevin has received ample notice of the pendency of this action, that he has been served or received by either regular or certified mail many documents and motions, and as soon as the hearing in damages occurs, he will also receive notice of the terms of any judgment within the ten days specified in Practice Book § 17-22.
"We have indicated that for the purpose of opening a default judgment pursuant to General Statutes § 52-212,[3] a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment." (Footnote added.) HandyCT Page 7102v. Minwax Co., 46 Conn. App. 54, 57, 698 A.2d 339, cert. denied,243 Conn. 921, 701 A.2d 342 (1997); see Fontaine v. Thomas,51 Conn. App. 77, 80 n. 3, 720 A.2d 264 (1998) (trial court correctly entertained motion to open where plaintiff's counsel failed to comply with Practice Book § 17-22); DiSimone v. Vitello, 6 Conn. App. 390,393, 505 A.2d 745 (1986) (lack of demonstrated compliance with Practice Book § 17-22 serves to extend four month time period within which party may seek to open judgment). "[I]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open." (Internal quotation marks omitted.) Habura v.Kochanowicz, 40 Conn. App. 590, 593, 672 A.2d 512 (1996).
Blevin correctly asserts that a plaintiffs failure to comply with the notice provision of Practice Book § 17-22 extends the time within which the defendant may move to set aside the judgment. See Handy v.Minwax Co., supra, 46 Conn. App. 57; DiSimone v. Vitello, supra,6 Conn. App. 393. The plaintiffs, however, also raise a very interesting question of law, i.e., does the phrase contained in Practice Book §17-22, which states "which notice includes the terms of the judgment," imply that notice must be sent only after the hearing in damages where the terms of the judgment are rendered? Although the court finds some credence in the plaintiffs' construction of Practice Book § 17-22, it need not decide this issue at the present time; even if the court considered Blevin's motion timely, he has failed to demonstrate a sufficient justification for opening this judgment.
"[I]in order to set aside a judgment passed upon default, there must be a showing that: (1) a good defense existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from appearing because of mistake, accident, or other reasonable cause. . . . Since the conjunctive `and' meaning `in addition to' is employed between the parts of the two prong test, both [prongs] must be met." (Citation omitted; emphasis added; internal quotation marks omitted.) Pantlin Chananie Development Corp. v. Hartford Cement Building Supply Co., 196 Conn. 233, 240, 492 A.2d 159 (1985). "The denial of a motion to open a judgment should not be held to be an abuse of discretion in any case in which it appears that the moving party has not been prevented by mistake, accident or other reasonable cause from making a defense. See Jaconski v. AMF, Inc., 208 Conn. 230, 238, 543 A.2d 728
(1988); see also General Statutes § 52-212 (a); Practice Book §17-43, formerly § 377." Fontaine v. Thomas, supra, 51 Conn. App. 83
(1998).
In Fontaine v. Thomas, supra, the Appellate Court held that the trial court properly denied the defendant's motion to open a default judgment. CT Page 7103 The defendant, despite receiving notice of the lawsuit by in-hand service, failed to appear, and a default was entered against him. Id., 79. He did, however, send a letter to the clerk's office. Id. In moving to open the judgment, the defendant argued that he did not actually have notice because the suit and the default were issued under a different name. Id. He further argued that the letter he sent to the clerk's office should have been considered an appearance. Id. 81-82. The trial court denied his motion, holding that he had actual notice of the pending action, and his failure to file a proper appearance was not the result of accident, mistake or other reasonable cause. Id. In upholding that decision, the Appellate Court stated: "although the defendant had actual notice of the pending case . . . he failed to take any action other than to send the letter. While it may have been his mistaken perception of what steps he had to take that prevented him from defending, his error does not constitute a demonstration of mistake, accident or other reasonable cause that prevented him from defending the plaintiff's case." Id., 83.
Also, in Nieves v. Tri-State Construction Planners Associates Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 176157 (February 1, 2001, D'Andrea, J.), the defendant sought to open a default judgment on four grounds: (1) improper service of process; (2) the court's failure to grant a continuance; (3) mistake or accident; and (4) the defendant could not find an attorney despite diligent effort. Id. The court found that the defendant had actual notice of the case, despite its refusal to accept service, and that it failed to file an appearance. Id. In denying the motion to open, the court stated: "`It is well settled that a default judgment should not be opened in cases . . . where the [defendant has] received actual notice of a lawsuit but simply [chooses] to ignore the authority of the court.' Pellietier v. Goodnoff,45 Conn. Sup. 563, 566, 27 A.2d 277 (1998), aff'd, 52 Conn. App. 360,727 A.2d 229 (1999)." Id.; see also Pantlin Chananie Development Corp.v. Hartford Cement Building Supply Co., 196 Conn. 235, ("negligence is no ground for vacating a judgment, and . . . the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence").
In this case, Blevin does not contest that he had actual notice and knowledge of the pendency of this action, that he received notice of various motions and documents, or that abode service was made on July 21, 1998. Blevin essentially attests only that he had no knowledge of the default judgment. Such attestation does not explain or excuse his failure to appear and defend this action. The court finds that Blevin received actual notice of the pendency of these proceedings but simply elected to ignore the authority of this court. In the absence of a demonstration of mistake, accident or other reasonable cause preventing him from defending CT Page 7104 this action, Blevin's motion to set aside the January 25, 1999 default judgment must be denied.
Foley, J.