[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REARGUE PLAINTIFF'S OBJECTION TO DEFENDANT'S CLAIM FOR JURY
The defendant filed its claim for a jury trial on May 30, 2001. The plaintiff filed an objection thereto and the court initially sustained the objection on February 28, 2002. The defendant filed a motion to reargue on March 14, 2002. The court granted reargument on April 11, 2002, and the court heard argument on May 20, 2002. CT Page 7483
The plaintiff objects to the defendant's claim for a jury trial on the ground that the defendant did not file its claim within ten days of the date issue was joined as required by Practice Book § 14-10 and General Statutes § 52-215. The defendant counters that it did not file a jury claim earlier because it received a certificate of closed pleadings from the plaintiff dated May 3, 2001, in which it appeared that the plaintiff had claimed the case for a jury trial. The defendant argues that its claim was timely filed because it filed the claim within ten days after it received a second certificate of closed pleadings from the plaintiff dated May 24, 2001, in which the plaintiff claimed the case for a court trial.
Practice Book § 14-10 states in relevant part: "All claims of cases for the jury shall be made in writing, served on all other parties and filed with the clerk within the time allowed by General Statutes §52-215. . . ." General Statute § 52-215 states in relevant part: "When, in any [civil action involving an issue of fact] an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk; and any such case may at any time be entered in the docket as a jury case by the clerk . . . by order of court."
In this case, an issue of fact was joined, on May 4, 2001, when the plaintiff filed her answer to the defendant's answer and special defenses. Home Oil Co. v. Todd, 195 Conn. 333, 342-44, 487 A.2d 1095
(1985). Therefore, the defendant's jury claim was not timely filed because the defendant did not file it until May 30, 2001.
Connecticut courts, do not, however, blindly apply the rules of practice when to do so would simply be exalting form over substance.Fontaine v. Thomas, 51 Conn. App. 77, 81, 720 A.2d 264 (1998). Practice Book § 1-8 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." In addition, a court has discretion to order a case for a jury trial when the parties do not comply with the ten day statute of limitations set forth in General Statutes § 52-215. Falkv. Schuster, 171 Conn. 5, 8, 368 A.2d 40 (1976). Indeed, General Statutes § 52-215 specifically allows the court to order a case to be claimed for a jury trial at any time.
Here, it appears that the defendant was justified in concluding that it did not need to file a jury claim because the plaintiff had already done so. See Godin v. Hartford Casualty Insuance Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 535069 (August CT Page 7484 19, 1994, Wagner J.). The defendant filed its claim within a few days of the date it learned that the plaintiff had not filed her jury claim. Therefore, the court vacates its order sustaining the plaintiffs objection and orders that the objection is overruled.
 ___________________ GALLAGHER, JUDGE